UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

-------------------------------------

UNITED STATES OF AMERICA

-vs- 14-CR-102

GREGORY KWIATKOWSKI,

Defendant.

-------------------------------------

Proceedings held before the Honorable Jeremiah J. McCarthy, Robert H. Jackson Courthouse, 2 Niagara Square, Buffalo, New York, on December 1, 2016.

APPEARANCES:

AARON J. MANGO, and
MARY C. BAUMGARTEN,
Assistant United States Attorneys,
Appearing for the United States.

JUSTIN D. GINTER, ESQ.,
Appearing for Defendant.

AUDIO RECORDER: Deborah A. Zamito

TRANSCRIBER: Michelle L. McLaughlin, RPR,
Court Reporter,
(716)332-3560

(Proceedings recorded by electronic sound recording, transcript produced by computer.)

THE CLERK: On the record. This is United States versus Gregory Kwiatkowski, case number 14-CR-102.

For the government Aaron Mango and Mary C. Baumgarten. For the defendant, Justin Ginter. The defendant is present.

We are here for a misdemeanor plea. The Honorable Jeremiah J. McCarthy presiding.

THE COURT: Good morning, Mr. Kwiatkowski.

THE DEFENDANT: Yes, sir.

THE COURT: And good morning, counsel.

MR. MANGO: Morning, your Honor.

MR. GINTER: Morning.

MS. BAUMGARTEN: Morning, Judge.

THE COURT: It's my understanding that Mr. Kwiatkowski is here today to enter a plea of guilty to a superseding information dated December 1st, 2016, charging him with violation of Title 18, U.S. Code, Section 242, is that correct?

MR. GINTER: That's correct, your Honor.

THE COURT: All right. I have several documents before me. The first is the superseding information dated December 1st.

Mr. Mango, is that your signature on that document?

MR. MANGO: It is, your Honor.

THE COURT: And that charges the defendant with violation of Title 18, U.S. Code, Section 242 on or about May 31st, 2009 -- May 31st, 2009, in the city of Buffalo.

Mr. Kwiatkowski, have you received a copy of that document, sir?

THE DEFENDANT: I have, sir.

THE COURT: All right. Let me ask you first, I'm going to place you under oath to make sure that -- and then ask you some questions to make sure that your decision to plead guilty rather than proceeding to trial is made of your own free will and with full understanding of the consequences of doing so. I remind you, sir, that there are penalties for testifying falsely under oath. You could be prosecuted for perjury. You understand that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Would you raise your right hand, please?

(Defendant placed under oath.)

THE COURT: You may put your hand down. Are you in good health today, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Are you taking any type of medication that could interfere with your ability to understand these proceedings?

THE DEFENDANT: No, sir.

THE COURT: And you do -- or can you read and write English?

THE DEFENDANT: Yes, sir.

THE COURT: All right. And have you reviewed the superseding information with Mr. Ginter, your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: And has he explained to you the nature of the charges?

THE DEFENDANT: He has.

THE COURT: All right. I next then have a document entitled consent to proceed before a United States magistrate judge.

Mr. Kwiatkowski and Mr. Ginter, are both of those your signatures on that document?

MR. GINTER: Yes, your Honor.

THE DEFENDANT: Yes, sir.

THE COURT: All right. And pursuant to that consent, you agree to proceed before me instead of before Judge Skretny for purposes of this plea proceeding, correct?

THE DEFENDANT: Correct.

THE COURT: And you understand that you do have the right to proceed before him for trial and/or plea or any other aspect of the case, but you're giving that up with the exception of sentencing I believe which will remain before Judge Skretny, is that correct, sir?

THE DEFENDANT: That's correct, sir.

THE COURT: All right. I will approve that.

Next I have a plea agreement consisting of 14 pages. It's dated December 1st, 2016.

Mr. Mango, is that your signature on page 14 on behalf of the government?

MR. MANGO: It is, your Honor.

THE COURT: And Mr. Kwiatkowski and Mr. Ginter, are those your signatures on the plea agreement?

MR. GINTER: Yes, your Honor.

THE DEFENDANT: Yes, sir.

THE COURT: All right. Mr. Kwiatkowski, did you carefully review the plea agreement with Mr. Ginter before signing it?

THE DEFENDANT: Yes, I did.

THE COURT: Did you have the opportunity

to ask him any questions that you might have about its meaning or about the effects of -- the consequences of pleading guilty rather than proceeding to trial?

THE DEFENDANT: Yes, sir.

THE COURT: And were those questions answered to your satisfaction?

THE DEFENDANT: Yes, they were.

THE COURT: And have you generally been satisfied with your representation by Mr. Ginter?

THE DEFENDANT: Most certainly. Yes.

THE COURT: Yes, okay. Now, the plea agreement contains several provisions. I'm not going to go through each and every one of them, but I do want to review some of them with you. In paragraph 1 you agree to plead guilty to a one-count superseding information charging you with violation of Title 18, U.S. Code, Section 242, deprivation of rights under color of law, and that the maximum possible sentence if you are convicted based on a plea to that charge is a term of imprisonment of one year, a fine of $100,000, a mandatory $25 special assessment, and a term of supervised release of one year. Do you understand, sir, that those are the maximum -- that that is the

maximum sentence that the Court can impose if you -- if your plea of guilty is accepted?

THE DEFENDANT: Yes, sir.

THE COURT: Paragraph 2 provides that under the sentencing guidelines and under Title 18 of U.S. Code, Section 3663A, the Court must require restitution for the full amount of victims' compensable losses as determined by the Court, and it further provides that you will not be entitled to withdraw your plea of guilty based on any restitution that the Court may order. Do you understand that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Paragraph 3 provides that if it's determined that you have violated any of the terms or condition of your supervised release, you may be required to serve a term of imprisonment, in effect, greater than one year. Do you understand that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Now paragraph 4 subparts A, B, and C outline the elements and factual -- well, the elements of the charge against you, each of which the government must prove beyond a reasonable doubt. First, that you deprived a victim of a

right secured by the constitution or laws of the United States, that is, the right to be free from the use of unreasonable and excessive force; secondly, that you acted under color of law; and third, that you acted willfully. Do you understand that, sir, that the government has to prove each of those elements against you?

THE DEFENDANT: Yes, sir.

THE COURT: Now, counsel, I just want to point out that the superseding information also charges violation of the right to be free from unreasonable seizure and due process of law. But paragraph 4 of the plea agreement focuses on excess -- unreasonable and excessive force.

MR. MANGO: Yes, your Honor. I believe we can still proceed. The information could be -- the charging document could be essentially proved by either of those, and by clarifying in the plea and as will be clear in the factual basis, we're just proceeding on that one prong of being free from the use of unreasonable and excessive force.

THE COURT: Do you agree with that, Mr. Ginter?

MR. GINTER: Yes, your Honor.

THE COURT: Okay. Now paragraph 5 are the

factual bases underlying your plea. I'll come back to that in a few moments.

Paragraph 6 and the following paragraphs deal with the sentencing guidelines, and paragraph 6 states that the Court must consider but is not bound by the sentencing guidelines. Do you understand that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Paragraph 16 provides that if the guidelines are applied, then your sentencing range would be a term of imprisonment of 12 months, a fine of between -- a fine of $50,000, and a period of supervised release of one year. And it further provides that notwithstanding the sentencing guidelines, you are subject to the maximum penalty set forth in paragraph 1 of the agreement. Do you understand that, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Paragraph 24 provides that if the Court imposes a sentence within the guideline range, then you are not entitled to appeal or collaterally attack the sentence. Do you understand that, sir?

THE DEFENDANT: I do, yes.

THE COURT: All right. Have you carefully

read the provisions of paragraphs 27 through 38 --

THE DEFENDANT: Yes, sir, I have.

THE COURT: -- of the plea agreement. And you understand all of those provisions, correct?

THE DEFENDANT: Yes, sir.

THE COURT: Paragraph 39 provides that the plea agreement represents the total agreement between you and the government, and that there are no promises made by anyone other than as set forth in the agreement. Is that correct, sir?

THE DEFENDANT: Yes, sir, it is.

THE COURT: All right. Has anyone made any promises to you or pressured you in any way to enter into a plea agreement? Have they made any promises other than as set forth in the agreement as to what will occur?

MR. GINTER: Your Honor, during our negotiations with Mr. Mango and the government, he has informed us that he would not oppose a sentence of probation, and that was a statement made to us by the government.

MR. MANGO: Yes, Judge. That's consistent with -- since the -- if the cooperation provision is and the 5K is sought, which we expect it will be and granted by the Court, the defendant would end

up in a zone B of the sentencing guidelines. And pursuant to Section 5B1.1(a)(2) and 5C1.1(c)(3) that allows for probation with certain conditions -- certain type of probation, so that --

THE COURT: All right. Well, notwithstanding that, though, do you understand, Mr. Kwiatkowski, that the Court -- the sentence that Judge Skretny will impose is up to him within the statute -- within the maximums under the statute as set forth in paragraph 1 of the agreement, and that there are no promises made other than that as to what sentence he will impose? Do you understand that, sir?

THE DEFENDANT: Yes, I understand.

THE COURT: All right. Now, I'm sure that Mr. Ginter has reviewed with you the rights that you have as a defendant in this court under our constitution that you will be waiving and surrendering if you elect to enter a plea of guilty rather than proceed to trial, but I'd like to just briefly review those with you again.

You have the right to be represented by an attorney at all stages of the proceeding, and if you cannot afford an attorney, one will be appointed for you. You are presumed innocent of

the charges. You have the right to compel -- force the government to prove its case against you beyond a reasonable doubt. You have the right to remain silent. You cannot be compelled to testify against yourself, nor can any inference be drawn against you because you exercise that right. You have the right to cross-examine the witnesses that the government would introduce at trial and to introduce and call your own witnesses on your behalf. You have the right to a jury before -- to a trial before a jury of your peers.

Do you understand, sir, that by pleading guilty rather than proceeding to trial you would be waiving all of these rights?

THE DEFENDANT: Yes, I do.

THE COURT: Okay. Now I'd like to come back to paragraph 5 of the plea agreement, subparagraphs A through D. You've carefully reviewed those subparagraphs before signing the plea agreement?

THE DEFENDANT: Yes, I have.

THE COURT: And do those subparagraphs accurately set forth what occurred on -- on the dates in question?

THE DEFENDANT: Yes, sir.

THE COURT: Specifically on May 31, 2009?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Now I'm going to ask Mr. Mango to briefly summarize the facts that the government would seek to prove if the case proceeded to trial, and then I'll ask you if his summary is accurate.

MR. MANGO: Thank you, Judge. I'll try to summarize and maybe read some of the relevant provisions.

THE COURT: And before you do that, let me just ask, both the superseding information and the plea agreement refer to various individuals by initials, but do all the parties understand who these individuals are?

MR. GINTER: Yes, your Honor.

THE COURT: Mr. Kwiatkowski, you do, sir?

THE DEFENDANT: Yes, sir.

THE COURT: Okay.

MR. MANGO: Yes, your Honor. And that's consistent with how the case was indicted.

THE COURT: No, I understand. I just want to make sure that that is clear.

MR. MANGO: The first paragraph A of the factual basis just sets forth the defendant's

employment history, that he began employment with the Buffalo Police Department on August 31st of 1990. He was promoted to the rank of lieutenant on November 17th, 2008. And essentially he was working in that capacity on May 30th into the early morning hours of May 31st of 2009.

At 1:02 a.m. is when the incident occurred at 52 Treehaven. That is when the defendant arrived approximately based on the dispatch logs that have been obtained. The defendant went to that location because the Cheektowaga Police Department had stopped a vehicle that was the -- essentially was a lookout for being involved in a BB gun shooting earlier in the night.

The defendant was the first to arrive at the scene, and other Cheektowaga police officers were present. When the defendant arrived, the four occupants of the vehicle identified by their initials as you've already stated, Judge, D.S., J.C., D.D., and J.W., all of whom are U.S. citizens and therefore protected by the United States Constitution, were out of the vehicle and were compliant and under the control of the Cheektowaga officers.

Shortly thereafter, within 30 to 60 seconds,

Officers Krug and Joseph Wendel arrived on scene who were also Buffalo Police Department officers. Upon arriving on the scene, the defendant, in an angry tone of voice and while using obscenities directed at the four occupants, used unlawful and unreasonable force on each of the four occupants. The specific force that was used is then detailed in that paragraph, Judge, and I believe I don't need to go through it verbatim, but it details what happened to D.D., what happened to D.S., what happened to J.C., and what happened to J.W.

Following the defendant's use of force on the four occupants, the defendant recovered a BB gun from the vehicle and then handed the BB gun to Officer Krug and Officer Wendel.

And, Judge, the victims who were identified by their initials would testify to those facts at a trial if this case against this defendant proceeded to trial.

THE COURT: Okay. Thank you. Now, Mr. Kwiatkowski, you've heard Mr. Mango's summary of the facts that the government would seek to prove if the case proceeded to trial. Is that summary accurate?

THE DEFENDANT: Yes, sir.

THE COURT: Is that what occurred?

THE DEFENDANT: Yes, sir.

THE COURT: All right. Before I ask how you plead to Count 1 of the superseding information, do you have any questions of me, sir, concerning any aspect of this proceeding, including the consequence of pleading guilty rather than proceeding to trial?

THE DEFENDANT: No, sir.

THE COURT: All right. Counsel, do either of you have any suggestions as to what if anything further I need to do in terms of the plea colloquy under Rule 11?

MR. MANGO: No.

THE COURT: I think I've covered the bases, but I want to make sure that you don't think I've overlooked something.

MR. MANGO: Judge, I think it's clear that the defendant is voluntarily and of his own free will --

THE COURT: Well, we haven't gotten to that point yet, but just in general --

MR. MANGO: No, other than that.

THE COURT: Mr. Ginter?

MR. GINTER: Everything is correct, your

Honor.

THE COURT: Okay. Then, Mr. Kwiatkowski, how do you plead to Count 1 of the superseding information charging you with violation of Title 18, U.S. Code, Section 242?

THE DEFENDANT: Guilty, your Honor.

THE COURT: All right. I --Mr. Ginter, based on your representation of Mr. Kwiatkowski, is it your opinion that his plea of guilty is made of his own free will and with full understanding of the consequences of doing so, without any pressure of any sort?

MR. GINTER: Yes, your Honor.

THE COURT: All right. Based on my review of the documents that have been submitted to me and my questioning of defendant and Mr. Ginter, I find that his plea of guilty to the superseding information Count 1 is made of his own free will with full understanding of the consequences of doing so and without any pressure of any sort.

I further find that the facts outlined in paragraph 5 subparagraphs A through D of the plea agreement and as summarized by Mr. Mango on behalf of the government to which the defendant has agreed, if proven, would be sufficient to sustain a

conviction for violation of Title 18, U.S. Code, Section 242, therefore I will accept the defendant's plea of guilty to the superseding information.

Sentencing will be before Judge Skretny. I don't have a date for you, but I presume you will get one from him.

MR. MANGO: I'll get one from Judge Skretny today, your Honor. Just one note. It was important for the defendant that the Court and really the record so Judge Skretny knows this in terms of why -- why now and why here and why he is pleading guilty. He was put in a very difficult position recently when the two other co-defendants in the case essentially blamed the defendant for what happened later in the evening on May 31st in which a BB gun was discharged and struck one of the victims while the victim was handcuffed in the police car. The two other co-defendants have elected to pursue a trial strategy in which they are going to blame the defendant for doing that, and that is not the case according to the government and according to the defendant here. And so, we just want to make sure the record is clear. The defendant -- it's very important for

the defendant to make sure that's on the record.

THE COURT: Okay. Mr. Ginter, anything further from your end?

MR. GINTER: Nothing further, your Honor.

THE COURT: Okay. And as everyone knows, I'm not making any factual determinations as to what did or did not occur other than what has been acknowledged here before me today.

MR. MANGO: Yes.

THE COURT: Okay. Is there any issue about status -- Mr. Kwiatkowski's status between now and time of sentencing?

MR. MANGO: Judge, well, there's already conditions of release in place. I would ask that those conditions of release remain in place, and he continue on. I believe there's a form that he needs to turn in -- I'll turn in once I get the sentencing date, and he'll be in touch with the Probation Department. I don't know if -- I don't believe a status date would be necessary here, but --

THE COURT: No. I'll just leave that up to Judge Skretny.

Mr. Ginter, I take it you have no objection to continuation of the previously imposed conditions

of release?

MR. GINTER: No, your Honor.

THE COURT: Okay. Thank you, all.

MR. GINTER: Thank you, your Honor.

MR. MANGO: Thank you, your Honor.

THE DEFENDANT: Thank you, sir.

* * * * * *

CERTIFICATION

I certify that the foregoing is a correct transcription, to the best of my ability, from the electronic sound recording of the proceedings in this matter.

s/Michelle L. McLaughlin
Michelle L. McLaughlin, RPR
Court Reporter